## JOHN WATTS v. J. W. NAYLOR.
### No. 212.

TRIAL DOCKET—*entering case on, after commencement of term, and dismissing without notice, case should be reinstated on motion.* Where, eighty-three days after the commencement of the term, an appeal from a justice of the peace was, on motion of the appellee, entered on the trial docket of the district court and then dismissed, without notice to the appellant, who remained in ignorance until after the term, *held*, that the appellant's motion, made at the succeeding term, to set aside the dismissal and reinstate the case, should have been sustained.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed April 30, 1897. *Reversed.*

The plaintiff in error appealed from a judgment against him and in favor of the defendant in error, rendered by a justice of the peace. The transcript was filed in the District Court in January, 1890. June 13, 1892, eighty-three days after the commencement of the April term, and when the court, having dismissed the jury until a later date, was trying court cases alone, the appellee, on motion, had the case entered on the trial docket of that term; and, seven days later, although jury trial had not been waived, the court, on the appellee's motion, dismissed the appeal for want of prosecution. The appellant knew nothing of these proceedings in his case until December, after the commencement of another term of court. December 19, 1892, on notice to the appellee, he moved for the reinstatement of the appeal and proved the foregoing facts. The motion was overruled, and he brought this proceeding in error.

*Waters & Waters,* for plaintiff in error.

No appearance for defendant in error.

WATTS v. NAYLOR.                147

April 30, 1897.        Opinion.   McElroy, J.              E. Div.

McELROY, J.    The case involved an issue of fact; and it should have been placed on the trial docket before the term commenced.    Eighty-three days after the term commenced it was put on the trial docket and dismissed, without notice to the appellant or his attorney.    The plaintiff may move for a judgment on or after the day on which the case is set for trial. Sec. 313, Code of Civil Procedure.    The trial of issues of fact is to be in the order in which they are placed on the trial docket.    Sec. 314, Code.    The clerk is required to make out a copy of the trial docket for the use of the bar before the first day of the term. Sec. 318, Code.    The irregularity in putting the case on the trial docket would not, of itself, affect the substantial rights of the appellant, if he had had notice of such action; but, under the circumstances, the appellant should have had notice that the case was placed on the trial docket, or he should have been notified that action would be taken in the case and of the time when it would be called for trial.

Upon the showing made by the appellant, the court should have set aside the default and reinstated the case for trial.    The appellant has not had his day in court.

The judgment will be reversed and the case remanded, with the direction that the trial court set aside the default and that the case be entered upon the docket for further proceedings.